**STEWART, Petitioner, v. ALVIS, Warden, Respondent.**

Ohio Appeals, Second District, Franklin County.

No. 4498.   Decided December 19, 1950.

George Bailes, Cincinnati, for petitioner.
Hon. Herbert S. Duffy, Atty. Genl., Alan E. Schwarzwalder, Asst. Atty. Genl., Columbus, for respondent.

## OPINION

By HORNBECK, J.

The action is in habeas corpus. It is the claim of the petitioner that as a prisoner in the Ohio Penitentiary he is illegally and unlawfully restrained of his liberty. He is serving a sentence of from one to twenty years in the Ohio Penitentiary upon commitment from the Court of Common Pleas of Hamilton County, Ohio, upon conviction of the crime of sodomy.

The record and facts disclose that the original indictment charged the petitioner with committing the offense of sodomy upon one, Elmer C. Glahn. After petitioner had entered a plea of not guilty and counsel had been assigned for him, the indictment was amended by changing the name of Elmer C. Glahn to John Glahn. The defendant then waived a jury and was tried to the court and found guilty as charged. Before sentence, inasmuch as the conviction was upon a charge of sodomy under §13043 GC the court following the provisions of §13451-20 GC appointed three psychiatrists to examine the petitioner and report to the court. The report concluded with the following that,

"we do not believe that this man is psychotic (insane). * * * A formal psychometric test would settle this point but the undersigned are of the opinion that Stewart is a psychopathic offender under the provisions of §13451 GC. We recommend his commitment to a suitable institution for psychopathic offenders."

The petitioner and his counsel were given a certified copy of the report and notice of the time fixed for the hearing on the report. The court found petitioner to be a psychopathic offender, as defined in §13451-19 GC, and imposed the sentence heretofore stated, suspended the sentence and committed petitioner to the Director of the Department of Public Welfare of the State of Ohio. Petitioner was placed in the Lima State Hospital for the Insane, and later, pursuant to the provisions of §13451-22 GC, transferred to the Ohio Penitentiary where he was incarcerated at the time this cause was submitted.

It is the claim of the petitioner that he is illegally restrained for two reasons:

1. Because of the amendment in the indictment changing the Christian name of the person upon whom the offense was alleged to have been committed.

2. Because of the procedure adopted by the trial judge at the time of the trial and subsequent thereto whereby he was committed to the Lima State Hospital and later to the Ohio Penitentiary.

We might appropriately dispose of the grounds upon which petitioner seeks his release by holding that neither affects the jurisdiction of the trial court to hear and determine the guilt or innocence of the petitioner and to pronounce sentence upon that judgment.

Sec. 13451-20 GC specifically provides that every order of indefinite commitment made thereunder and any finding that a person is a psychopathic offender shall constitute a final order. If petitioner's rights were transgressed by the action taken by the court under the aforesaid section of the Code he was granted the benefit of an appeal from the order.

It should also be noted, that §13451-22 GC accords to the petitioner the advantage of reckoning his eligibility for parole or discharge from the date of his reception in the institution to which he is committed and further, accords him the mandatory right to have consideration for parole when he has been confined for a period equal to or exceeding the maximum sentence for the offense of which he has been convicted. In other words, the petitioner is assured all rights as to parole or discharge to which he would have been entitled had he been immediately committed to the penitentiary under his sentence.

The matters sought to be urged in this action, if they have merit, could and should be urged by appropriate error proceedings.

We briefly give attention to the merit of the grounds urged for the issuance of the writ. The amendment of the indictment by changing the name of Elmer C. Glahn to John Glahn was clearly authorized by the express terms of §13437-29 GC. The amendment did not affect the substance of the crime charged nor could there have been any confusion of the identity of the person upon whom it was eventually alleged the offense had been committed, else petitioner could not have been convicted. It is asserted by counsel for appellee that the amendment was made by and with the consent of petitioner and his counsel. This may be true but the record does not establish it. In any event, with or without the consent of the defendant, the trial judge permitted the amendment under authority of the controlling statutes. It is urged in the brief of petitioner that because of the difference in the names in the indictment, as originally returned and as amended, it follows that the grand jury must have acted upon the testimony of John Glahn and not Elmer Glahn and that such procedure is not authorized. This con-

tention is not well grounded even if the facts were as contended. The grand jury may properly indict upon any sufficient, competent evidence and it need not come from the one upon whom the offense is committed.

The second ground for the granting of the relief sought is that the trial judge tried and found guilty a defendant whom he had reason to believe was insane. This is not supported by the record for two reasons: First, nothing appeared at any time to put the trial judge on notice that the petitioner was legally insane or incapable of appreciating the consequences of committing the act with which he was charged. The report of the commission of psychiatrists is to the effect that Stewart was not insane but a psychopathic offender as defined in §13451 GC. The definition referred to, although not found in §13451 GC, but in §13451-19 GC, did not bring the petitioner within the classification of one who was legally insane.

Second, an examination of the proceedings followed by the trial judge, from the time that the petitioner was arraigned until he was finally sentenced and committed, is convincing that he meticulously observed the provisions of the controlling sections of the Code and that petitioner had every right accorded to him to which he was entitled under the law.

No basis appears for the granting of the writ of habeas corpus. It will be denied.

MILLER, PJ, WISEMAN, J, concur.